FILED
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 2 2 2020

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JORDAN DEEDS**                                                         **PLAINTIFF**

vs.                                  No. 4:20-cv-_1272-_ BSM

**WAYNE FARMS, LLC**                                       **DEFENDANT**

### ORIGINAL COMPLAINT

COMES NOW Plaintiff Jordan Deeds ("Plaintiff"), by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint ("Complaint") against Defendant Wayne Farms, LLC ("Defendant"), and in support thereof he does hereby state and allege as follows:

**I.   PRELIMINARY STATEMENTS**

1. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiff lawful overtime compensation for hours worked in excess of forty (40) hours per week.

2. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA and AMWA as described, *infra*.

This case assigned to District Judge _Miller_
and to Magistrate Judge _Volpe_

## II. JURISDICTION AND VENUE

3. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged herein; accordingly, this Court has supplemental jurisdiction over the AMWA claims pursuant to 28 U.S.C. § 1367(a).

5. The acts complained of herein were committed and had their principal effect within the Central Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

6. Defendant does business in this District and a substantial part of the events alleged herein occurred in this District.

7. The witnesses to the wage violations herein reside in this District.

8. The records and other documents related to the payroll practices that Plaintiff challenges are located in this District.

## III. THE PARTIES

9. Plaintiff repeats and re-alleges the preceding paragraphs of this Complaint as if fully set forth in this section.

10. Plaintiff is a resident and citizen of Yell County.

11. Defendant is a foreign limited liability company registered to do business in Arkansas.

12. Defendant's registered agent for service in Arkansas is CT Corporation System at 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

13. Defendant maintains a website at https://waynefarms.com/.

## IV.   FACTUAL ALLEGATIONS

14. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

15. Defendant is an "employer" within the meanings set forth in the FLSA and AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

16. Defendant is a poultry production and processing company.

17. Defendant operates out of facilities across the southeastern United States.

18. Defendant's Arkansas facility is located in Danville.

19. During the time period relevant to this case, Plaintiff was employed at Defendant's facility in Danville.

20. Defendant has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others, such as poultry production equipment and tools.

21. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this Complaint.

22. Plaintiff was employed by Defendant within the three (3) years preceding the filing of this Complaint.

23. Specifically, Plaintiff was employed by Defendant from approximately May of 2011 until 2019 as a Maintenance Worker.

24. Plaintiff's job duties included running and operating the direct spark ignition (DSI) systems, second processing, and refrigeration.

25. At all material times, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA and AMWA.

26. Plaintiff was classified as an hourly employee and as non-exempt from the overtime provisions of the FLSA.

27. Plaintiff regularly worked more than forty (40) hours per week. For example, Plaintiff once worked up to thirty-two (32) hours in a single shift.

28. Occasionally, Defendant would fail to include Plaintiff's overtime hours in his paychecks, would move these hours to Plaintiff's subsequent paycheck and pay them out at Plaintiff's regular hourly rate.

29. Plaintiff was not paid a proper overtime premium for all hours worked in excess of forty (40) per week.

30. Occasionally, Defendant's time clock would not work and Plaintiff could not clock in. Defendant purported to clock in on Plaintiff's behalf, but not all of Plaintiff's hours were always recorded properly.

31. Plaintiff was frequently called back into work outside of his regular hours to handle refrigeration issues, hours for which Defendant purported to pay him at least 1.5x his regular rate, but on some occasions these hours went unrecorded and uncompensated.

32. Due to the off-the-clock hours worked by Plaintiff, overtime violations were committed.

33. Defendant knew or should have known that Plaintiff was working hours which went unrecorded and uncompensated.

34. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff violated the FLSA and AMWA.

### V.    FIRST CLAIM FOR RELIEF—Violation of the FLSA

35. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

36. 29 U.S.C. § 207 requires employers to pay employees 1.5x the employee's regular rate for all hours that the employee works in excess of 40 per week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

37. Defendant classified Plaintiff as non-exempt from the requirements of the FLSA.

38. Defendant failed to pay Plaintiff for all hours worked.

39. Defendant failed to pay Plaintiff an overtime rate of one and one-half times his regular rate for all hours worked in excess of forty hours per week.

40. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

41. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred within the three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

42. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

43. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VI.   SECOND CLAIM FOR RELIEF—Violation of the AMWA

44. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

45. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq.*

46. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

47. AMWA Section § 11-4-211 requires employers to pay all employees 1.5x regular wages for all hours worked over 40 hours in a week, unless an employee meets exemption requirements.

48. Defendant classified Plaintiff as non-exempt from the requirements of the AMWA.

49. Defendant failed to pay Plaintiff for all hours worked.

50. Defendant failed to pay Plaintiff all overtime wages owed, as required under the AMWA.

51.     Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

52.     By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

53.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Jordan Deeds respectfully prays that Defendant be summoned to appear and to answer herein as follows:

A.      That Defendant be required to account to Plaintiff and the Court for all of the hours worked by Plaintiff and all monies paid to him;

B.      A declaratory judgment that Defendant's practices violate the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

C.      A declaratory judgment that Defendant's practices violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.,* and the related regulations;

D.      Judgment for damages for all unpaid overtime compensation under the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

E.      Judgment for damages for all unpaid overtime compensation under the AMWA, Ark. Code Ann. § 11-4-201, *et seq.,* and the related regulations;

  F. Judgment for liquidated damages pursuant to the FLSA, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff during the applicable statutory period;

  G. Judgment for liquidated damages pursuant to the AMWA, Ark. Code Ann. § 11-4-201, *et seq.*, and the relating regulations in an amount equal to all unpaid overtime compensation owed to Plaintiff during the applicable statutory period;

  H. An order directing Defendant to pay Plaintiff pre-judgment interest, reasonable attorneys' fees and all costs connected with this action; and

  I. Such other and further relief as this Court may deem just and proper.

             Respectfully submitted,

             **PLAINTIFF JORDAN DEEDS**

             SANFORD LAW FIRM, PLLC
             One Financial Center
             650 South Shackleford Road, Suite 411
             Little Rock, Arkansas 72211
             Telephone: (501) 221-0088
             Facsimile: (888) 787-2040

             /s/ Josh Sanford
             Josh Sanford
             Ark. Bar No. 2001037
             josh@sanfordlawfirm.com